CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 02, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN EDWARD ADDAIR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAPTAIN TATUM, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 7:24cv00113 <br><br> **MEMORANDUM OPINION** <br><br> By:   Hon. Thomas T. Cullen <br>         United States District Judge |

Plaintiff Brian Edward Addair, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, alleging that he was subjected to cruel and unusual living conditions for five days at the Southwest Virginia Regional Jail Authority's ("SWVRJA") Abingdon facility. Addair seeks leave to proceed *in forma pauperis* with this action. Having reviewed Addair's submissions, the court grants his request to proceed *in forma pauperis* but concludes that Addair's allegations fail to state a cognizable § 1983 claim against the named defendants. Accordingly, the court will dismiss the complaint without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

Addair alleges that from January 20 to January 24, 2024, he was housed in a "dry cell" with eight other inmates where the toilet was never "checked" and he was denied hygiene materials, religious materials, and use of a shower. (Am. Compl. at 2 [ECF No. 2].) As relief, Addair states that he "would like to be compensated for [his] grief and being subjected to humiliation." (*Id.* at 3.) The defendants' names appear only in the caption of the amended

complaint and Addair, despite being given the opportunity to amend his complaint, does not allege any facts against the defendants.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Liability under § 1983 "is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1991). The Constitution does not mandate comfortable prisons, but neither does it allow inhumane ones. *Id.*; *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care, and also must take reasonable measures to ensure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). "To make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotations and citations omitted).

Despite being given the opportunity to amend his complaint, Addair fails to allege any fact against any of the named defendants and, thus, the court cannot determine that the defendants were involved in any alleged violation of his federal rights. Accordingly, the court will dismiss this action under § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk is directed to forward copies of this Memorandum Opinion and the accompanying Order to Addair.

**ENTERED** this 2nd day of May, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE